Date signed September 11, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
#### at Greenbelt

| In re: | Case No. 07-10876WIL |
|---|---|
| | Chapter 13 |
| Michael Shawn Ellis aka Shawn Ellis and Dawn Lynn Ellis, | |
| Debtors. | |

## MEMORANDUM OF DECISION

This case comes before the court on the Debtors' Objection to the amended proof of claim filed on behalf of General Electric Money Bank (GEMB) Lending, Inc. The amended claim dated October 9, 2007, states an unsecured claim without priority in the sum of $46,846.30 that appears to have resulted from an alleged deficiency balance in the sale of a 2005 Wellcraft boat.

The first proof of claim filed on behalf of GEMB was based upon a total claim of $74,136.30 – $55,260.00 of which was secured and $18,876.30 of which was unsecured. The amended proof of claim reflects a sale of the collateral for the sum of $35,000.00.

The Debtors raise two issues in their Objection. The first is that there is no proof of assignment of the underlying claim from E-Trade Consumer Finance Corporation to GEMB Lending, Inc. The court finds nothing of merit in this aspect of the Objection inasmuch as the Debtors scheduled GEMB Lending, Inc. as the creditor both on their original Schedule F (Creditors Holding Unsecured Non-priority Claims) and on the Amended Schedule F. Next, the Debtors state that they are "simply

shocked that a virtually new vessel with accouterments could be sold in any reasonable sale for just under half of what was paid for the collateral a year before." However, there is nothing even pleaded that the sale was in any respect not commercially reasonably made as required by MD. CODE ANN., COM. LAW § 9-610(b) (2002). The facts that the Debtors are shocked by the inadequacy of the sale price of this luxury vessel is insufficient to raise any presumption of unfairness, mistake or fraud in the conduct of the sale. Nothing in the record indicates that the price is so grossly inadequate as to suggest fraud or unfairness of a degree so as to defeat the evidentiary effect accorded by Bankruptcy Rule 3001(f) that provides that a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim.

The court will overrule the Objection without prejudice to renewal should the Debtors come forward with some evidence to rebut the presumption of the properly filed claim. At that time the burden would then be upon the secured creditor to show that the sale was commercially reasonable. See Vic Hansen & Sons, Inc. v. Crowley, 203 N.W. 2d. 728, 731-732 (Wis. 1973); Clark Leasing Corp. v. White Sands Forest Prod., Inc., 535 P.2d 1077, 1080 (N.M. 1975); First Nat'l Bank and Trust Co. of Enid v. Holston, 559 P.2d 440, 444 (Okl. 1977).

An appropriate order will be entered.

cc:    Debtors
       Debtors' Counsel
       General Electric Money Bank Lending, Inc.
       Chapter 13 Trustee

**End of Memorandum**